# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KIRKSEY MCCORD NIX, JR.**                                          **PETITIONER**

v.                                                          **CRIMINAL NO. 1:91CR4LG**
                                                                                 **CIVIL NO. 1:15CV79-LG**

**UNITED STATES OF AMERICA**                                       **RESPONDENT**

## ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND

BEFORE THE COURT is Petitioner Kirksey McCord Nix, Jr.'s [9] Motion to Alter or Amend the Court's [6] Order Denying Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Denying as Moot Application to Proceed in District Court Without Prepaying Fees or Costs, entered on March 31, 2015. Also before the Court is Nix's [12] Letter Motion to Supplement Motion to Alter or Amend. For the reasons discussed herein, the Court is of the opinion that Nix's Motion to Alter or Amend should be denied and that his Motion to Supplement should be denied as moot.

The underlying facts are set forth in the Court's March 31 Order and are incorporated by reference herein. Nix filed a § 2255 Petition requesting that the Court vacate his 1992 conviction, which was affirmed by the Fifth Circuit in 1993. He also requested that the Court allow him to proceed without prepaying fees or costs. The Government opposed Nix's § 2255 Motion on multiple grounds, including timeliness.

This Court ultimately agreed with the Government and found Nix's Motion barred by the applicable one-year statute of limitations. The Court also denied Nix

a Certificate of Appealability and found that Nix's Application should be denied as moot. Nix now asks the Court to reconsider each of these findings and to reverse its previous Order.

## THE LEGAL STANDARD

Nix brings his current Motion pursuant to Federal Rule of Civil Procedure 59. A Rule 59 motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation and quotation marks omitted). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *See id.* at 478-79. Nix must establish (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Nix does not argue an intervening change in controlling law since the Court entered its previous Order or that he has new evidence to present. Therefore, the Court has considered whether Nix has shown the need to correct a clear error of law or prevent manifest injustice, and concludes that he has not.

## DISCUSSION

**Nix's Argument That He Was Denied an Opportunity to Reply**

Nix first argues that the Court erred in ruling on his § 2255 Motion before he filed a Reply. He states that "[t]he Court's action, in not waiting until movant filed his Reply/Traverse to the Government's Answer, with the appropriate denials of the

2

Government's averment was highly prejudicial." (Mot. 6, ECF No. 9).

The Court did not consider that Nix had admitted anything in the Government's Answer when it found that Nix's Motion was barred as untimely. Thus, there was no prejudice to Nix, much less manifest injustice. Additionally, while Rule 5(d) of the Rules Governing Section 2255 Cases states that a Petitioner *may* submit a reply, it does not require the Court to wait on a reply before ruling. Even so, "the Court's failure to consider a reply before denying a § 2255 motion does not by definition constitute 'clear error of law' or represent 'manifest injustice' to the petitioner." *See Irizarry v. United States*, No. 12-656, 2012 WL 5494806, at *3 (E.D. Pa. Nov. 13, 2012); *see also, e.g.*, *Argraves v. United States*, No. 3:11cv1421 (SRU), 2013 WL 1856527, at *1-2 (D. Conn. May 2, 2013).

Regardless, Nix has not presented any evidence or argument not already considered below that would have altered the Court's procedural ruling that his § 2255 Motion is time-barred. Indeed, Nix included in his current Motion all arguments that he claims he would have made on reply. The Court has reviewed those arguments and concludes that they raise no issue of law or fact not already addressed by the Court prior to its March 31 Order and/or that would have persuaded the Court to grant Nix's Motion. *See Irizarry*, 2012 WL 5494806, at *3. Nix contends that "the Court, the Government nor your Movant had available the Jury Instructions, the Closing Arguments and the Sentencing, much less the entire record before them." (Mot. 13, ECF No. 9). However, because the Court found that the § 2255 Motion was barred on procedural – rather than substantive – grounds,

none of those documents would have altered the Court's Order.

**Nix's § 2255 Motion**

Nix reargues that his Motion was timely under § 2255(f)(3) because of a recent United States Supreme Court decision, *Rosemond v. United States*, 134 S. Ct. 1240 (2014). This is the exact type of rehashing of an argument that the Fifth Circuit has found unavailing on a Rule 59 motion. *See Templet*, 367 F.3d at 478-79. Even so, numerous courts to have considered this issue have held that *Rosemond* does not apply retroactively. *See, e.g.*, *Metz v. United States*, No. 14-cv-3081, 2015 WL 566766, at *3 (W.D. La. Feb. 9, 2015); *Patton v. Maiorana*, No. 2:14-cv-902, 2015 WL 1649937, at *2 (W.D. La. Apr. 13, 2015); *Martinez v. United States*, Nos. 3:14-cv-1359-L, 3:01-cr-229-L(02), 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014).

Nix also re-argues that the United States conceded that *Rosemond* is retroactive in *United States v. Greene*, Nos. 14-c-431, 08-cr-124, 2015 WL 347833 (Jan. 23, 2015 E.D. Wis. 2015). The Court already addressed and rejected Nix's arguments on this point, and will not do so again here. (*See* Order 3-4, ECF No. 6); *Templet*, 367 F.3d at 478-79.

Furthermore, there is still no convincing claim of actual innocence beyond mere conclusory allegations by Nix to invoke equitable tolling. (*See* Order 4, ECF No. 6). This is not a case "in which new evidence shows that it is more likely than not that no reasonable juror would have convicted" Nix. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (citation and quotation marks omitted). There is no new

none of those documents would have altered the Court's Order.

**Nix's § 2255 Motion**

Nix reargues that his Motion was timely under § 2255(f)(3) because of a recent United States Supreme Court decision, *Rosemond v. United States*, 134 S. Ct. 1240 (2014). This is the exact type of rehashing of an argument that the Fifth Circuit has found unavailing on a Rule 59 motion. *See Templet*, 367 F.3d at 478-79. Even so, numerous courts to have considered this issue have held that *Rosemond* does not apply retroactively. *See, e.g.*, *Metz v. United States*, No. 14-cv-3081, 2015 WL 566766, at *3 (W.D. La. Feb. 9, 2015); *Patton v. Maiorana*, No. 2:14-cv-902, 2015 WL 1649937, at *2 (W.D. La. Apr. 13, 2015); *Martinez v. United States*, Nos. 3:14-cv-1359-L, 3:01-cr-229-L(02), 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014).

Nix also re-argues that the United States conceded that *Rosemond* is retroactive in *United States v. Greene*, Nos. 14-c-431, 08-cr-124, 2015 WL 347833 (Jan. 23, 2015 E.D. Wis. 2015). The Court already addressed and rejected Nix's arguments on this point, and will not do so again here. (*See* Order 3-4, ECF No. 6); *Templet*, 367 F.3d at 478-79.

Furthermore, there is still no convincing claim of actual innocence beyond mere conclusory allegations by Nix to invoke equitable tolling. (*See* Order 4, ECF No. 6). This is not a case "in which new evidence shows that it is more likely than not that no reasonable juror would have convicted" Nix. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (citation and quotation marks omitted). There is no new

none of those documents would have altered the Court's Order.

**Nix's § 2255 Motion**

Nix reargues that his Motion was timely under § 2255(f)(3) because of a recent United States Supreme Court decision, *Rosemond v. United States*, 134 S. Ct. 1240 (2014). This is the exact type of rehashing of an argument that the Fifth Circuit has found unavailing on a Rule 59 motion. *See Templet*, 367 F.3d at 478-79. Even so, numerous courts to have considered this issue have held that *Rosemond* does not apply retroactively. *See, e.g.*, *Metz v. United States*, No. 14-cv-3081, 2015 WL 566766, at *3 (W.D. La. Feb. 9, 2015); *Patton v. Maiorana*, No. 2:14-cv-902, 2015 WL 1649937, at *2 (W.D. La. Apr. 13, 2015); *Martinez v. United States*, Nos. 3:14-cv-1359-L, 3:01-cr-229-L(02), 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014).

Nix also re-argues that the United States conceded that *Rosemond* is retroactive in *United States v. Greene*, Nos. 14-c-431, 08-cr-124, 2015 WL 347833 (Jan. 23, 2015 E.D. Wis. 2015). The Court already addressed and rejected Nix's arguments on this point, and will not do so again here. (*See* Order 3-4, ECF No. 6); *Templet*, 367 F.3d at 478-79.

Furthermore, there is still no convincing claim of actual innocence beyond mere conclusory allegations by Nix to invoke equitable tolling. (*See* Order 4, ECF No. 6). This is not a case "in which new evidence shows that it is more likely than not that no reasonable juror would have convicted" Nix. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (citation and quotation marks omitted). There is no new

evidence in this case at all. *See, e.g.*, *Easter v. Lee*, No. 3:13-cv-1014-PDJ-FKB, 2014 WL 199255, at *4 (S.D. Miss. Jan. 16, 2014).

While Nix claims that he has "alleged actual innocence on the basis of a substantive interpretation that narrowed the reach of the statute" under which he was convicted, (*see* Mot. 10, ECF No. 9), this is nothing more than a restatement of his argument that *Rosemond* should apply retroactively. Nix "suggests [that] had there been access to the full or relevant parts of the record, the Court could have made a more reasoned analysis and determination as to movant's claim of actual innocence . . . ." (*See id.* at 22). However, Nix still had to show retroactivity, which he cannot do. *See, e.g.*, *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011).

**Certificate of Appealability (COA)**

Nix also cannot show the need to correct a clear error of law or prevent manifest injustice with respect to the Court's Order denying him a COA based on the plain procedural bar of the statute of limitations. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He argues that "[t]he bench is deep on jurists of reason who would find this Court's failure to accord substantive interpretations of a criminal statute that narrows it's [*sic*] reach retroactively applicable to collateral review, unreasonable or wrong." (Mot. 14, ECF No. 9). However, even a mere cursory review of "the bench" shows otherwise. *See, e.g.*, *Metz*, 2015 WL 566766, at *3 ("the Supreme Court has not held that *Rosemond* applies retroactively, and no circuit court has given *Rosemond* such effect"); *Patton*, 2015 WL 1649937, at *2

5

("Unsurprisingly, we are unable to point to any precedent from this court or that of others that supports such retroactive application of *Rosemond* on collateral review."); *Aquil v. Butler*, No. 6:14-230-DCR, 2015 WL 1914404, at *4 (E.D. Ky. Apr. 27, 2015) ("[T]he consensus among district courts which have addressed this issue have determined that . . . *Rosemond* does not apply retroactively to cases on collateral review.").

**Nix's Application to Proceed Without Prepaying Fees or Costs**

Nix asks the Court "to make active his Application to Proceed in forma pauperis in this case and or [*sic*] on appeal . . . ."[1] He has not shown error or manifest injustice in the Court's denial of his Application as moot, however, on the basis that there was no filing fee or other cost associated with the documents(s) he filed with this Court. Instead, he claims that the Application was to enable him to move the Court for copies of previous indictments, jury instructions, and sentencing documents. As discussed above, none of these documents would aid Nix in overcoming the procedural bar to his § 2255 Motion. Accordingly, there is not a basis for the Court to reconsider its previous ruling mooting Nix's Application.

**Nix's Motion to Supplement**

In his Motion to Supplement, Nix directs the Court's attention to two decisions from other districts from March 2015. The Court was already aware of and had reviewed these decisions prior to Nix's Motion to Supplement. Accordingly,

---

[1] Because there is no appeal pending, any request for IFP status on appeal is not ripe for this Court's review.

Nix's Motion to Supplement is moot.

## CONCLUSION

For the reasons set forth above, the Court finds that Petitioner Kirksey McCord Nix, Jr. cannot satisfy the requirements for altering or amending a final judgment pursuant to Federal Rule of Civil Procedure 59.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [9] Motion to Alter or Amend filed by Petitioner is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that to the extent Nix seeks a Certificate of Appealability from this Order, the same is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [12] Letter Motion to Supplement Motion to Alter or Amend is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 7th day of May, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE